| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEFFREY C. WISLER, De. Bar No. 2795<br>jwisler@connollygallagher.com<br>CONNOLLY GALLAGHER LLP<br>1000 West Street, Suite 1400<br>Wilmington, DE 19801<br>Telephone: 302-757-7300<br>Facsimile: 302-658-0380<br><br>☐ Attorney for: Cigna Health and Life Insurance<br>☐ Company and Related Cigna Entities | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA SANTA ANA DIVISION**

| In re:<br><br>American Spectrum Realty, Inc., | CASE NO. 8:15-bk-10721-SC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>(with supporting declaration) |
| | DATE: May 7, 2015<br>TIME: 1:30 p.m.<br>COURTROOM: 5C |
| **Movant:** | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012         ☑ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 1                                        F 4001-1.RFS.PP.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. [X] This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. [ ] This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. [ ] An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. [ ] An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. [ ] An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 4-10-15

Connolly Gallagher LLP
Printed name of law firm (if applicable)

Jeffrey C. Wisler
Printed name of individual Movant or attorney for Movant

*[signature]*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                            Page 2                            F 4001-1.RFS.PP.MOTION

JEFFREY C. WISLER, De. Bar No. 2795
jwisler@connollygallagher.com
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: 302-757-7300
Facsimile: 302-658-0380

Counsel for Cigna Health and Life Insurance Company
And Related Cigna Entities

## IN THE UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>American Spectrum Realty, Inc.,<br><br>              Alleged Debtor. | Case No. 8:15-bk-10721-SC<br><br>Chapter 11<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF CIGNA HEALTH AND LIFE INSURANCE COMPANY AND RELATED CIGNA ENTITIES FOR RELIEF FROM THE AUTOMATIC STAY AS NECESSARY TO PERMIT TERMINATION OF CERTAIN GROUP HEALTHCARE CONTRACTS**<br><br>**Hearing Date**<br><br>Date:    May 7, 2015<br>Time:    1:30 p.m.<br>Location: Courtroom 5C<br>             411 West Fourth Street, 5th Floor<br>             Santa Ana, CA 92701 |

Cigna Health and Life Insurance Company and related Cigna entities[1] (collectively "Cigna"), by and through their undersigned counsel, hereby move this Court for the entry of an order granting relief from the automatic stay as necessary to permit certain Group Healthcare

---

[1] Cigna Healthcare of California, Inc., Cigna Healthcare of Texas, Inc., Cigna Dental Health Plan of Arizona, Inc., Cigna Dental Health of California, Inc., Cigna Dental Health of Florida, Inc. and Cigna Dental Health of Texas, Inc.

Contracts (defined below) with the debtor American Spectrum Realty, Inc. ("Debtor") to automatically terminate. In support of this Motion, Cigna states as follows:

## Background

1. On February 13, 3015 ("Petition Date"), an involuntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") was filed against the Debtor. No order of relief has yet been entered.

2. As of the Petition Date, Cigna and Debtor were parties to certain Group Healthcare Contracts[2] (collectively, "Group Healthcare Contracts") pursuant to which Cigna provided group healthcare insurance and administrative services for Debtor's employee benefits plan.

3. The Group Healthcare Contracts provide, *inter alia*, that they will terminate automatically upon failure of the Debtor to make payment of the required premiums on the date due.

4. The Debtor's April 1, 2015, post-Petition Date payment of $23,820.98 was not made. Accordingly, as required by the Group Healthcare Contracts, a Notice of Non-Receipt and Intent to Terminate was sent by Cigna to Debtor. Under the terms of the Group Healthcare Contracts, the Group Healthcare Contracts will terminate automatically at the end of the applicable grace period. Cigna seeks relief as necessary to permit the Group Healthcare Contracts to terminate automatically in accordance with their terms.

5. Cigna has filed a Motion substantially identical to this Motion in the Debtor's voluntary chapter 11 case pending before this Court, Case No. 8:15-bk-11397-SC.

---

[2] Administrative Services Only Agreement, Group Service Agreement (CA), Group Service Agreement (TX), Group Service Agreement (CA), Group Service Agreement (FL), Group Service Agreement (AZ), Group Service Agreement (TX), Group Insurance Policy (sitused in CA), Group Insurance Policy (sitused in NV) and Group Insurance Policy (sitused in TX).

2

### Jurisdiction

6.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

### Relief Requested and Basis Therefor

7.  Debtor's failure to make the post-petition payments due under the Group Healthcare Contracts triggers automatic termination of the Group Healthcare Contracts by their terms. This post-petition, contractually-triggered result does not require relief from the automatic stay under section 362 of the Bankruptcy Code.

8.  It is well established that the cancellation of a contract according to its terms does not violate the stay. *See In re New England Marine Services, Inc.*, 174 B.R. 391 (Bankr. E.D.N.Y. 1994) ("nothing in the Bankruptcy Code . . . enlarges the rights of the debtor . . . or . . . prevents the termination of the insurance under the policy's own cancellation provisions. . . . To require an insurance carrier to abandon its contractual rights as the Debtors' request, is tantamount to sending notice to all insurance companies that when dealing with a debtor-in-possession, contractual provisions are of no import"); *accord, Heaven Sent Ltd. v. Commercial Union Ins. Co. (In re Heaven Sent Ltd.)*, 37 B.R. 597, 597-98 (Bankr. E.D. Pa. 1984); *Valley Forge Plaza Assocs. v. Schwartz*, 114 B.R. 60, 62-63 (E.D. Pa. 1990) (holding that the automatic stay does not nullify the non-Debtors' right to cancel a contract pursuant to its terms). In short, a debtor in bankruptcy has no greater rights or powers under a contract than the debtor would have outside of bankruptcy. *See Valley Forge*, 114 B.R. at 62; *see also, In re Tudor Motor Lodge*

*Assoc. Ltd. P'ship*, 102 B.R. 936, 942 (Bankr. D.N.J. 1989) (Bankruptcy "is not intended to expand the Debtors' rights against others more than they exist at the commencement of the case").

9. However, out of an abundance of caution, Cigna respectfully requests that this Court grant relief from the automatic stay to the extent that such relief is necessary to allow the Group Healthcare Contracts to automatically terminate pursuant to their terms.

10. The automatic stay set forth in section 362(a) of the Bankruptcy Code is not meant to be indefinite or absolute and this Court has the power to grant relief from the automatic stay in appropriate circumstances. *In re Wedgewood* 878 F.2d 693, 697 (3d Cir. 1998).

11. Section 362(d)(1) of the Bankruptcy Code provides for the lifting of the automatic stay where "cause" exists:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause....

*See* 11 U.S.C. § 362(d)(1). The Bankruptcy Code, however, does not define "cause." Therefore, what constitutes cause must be determined on a case-by-case basis. *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987). Appropriate circumstances (that is, sufficient "cause" under section 362(d)(1) of the Bankruptcy Code) are certainly present in this case.

12. In addition to its substantial pre-petition defaults, Debtor's has failed to pay its post-petition premium payment when due under the Group Healthcare Contracts. Permitting the Group Healthcare Contracts to continue without payment would materially alter the terms of the Group Healthcare Contracts and effectively force Cigna to provide insurance coverage where it has no obligation to do so. This constitutes "cause" to grant Cigna the relief requested.

WHEREFORE, Cigna respectfully requests that this Court enter an order granting (i) Cigna relief from the automatic stay to the extent necessary to allow the termination of the Group Healthcare Contracts, and (ii) such other and further relief as is just and equitable.

Dated:  April 10, 2015

CONNOLLY GALLAGHER, LLP

_____
Jeffrey C. Wisler (#2795)
1000 West Street, Suite 1400
Wilmington, DE  19081
Telephone: (302) 757-7300
Facsimile:  (302) 658-0380
jwisler@connollygallagher.com

#05160944

Counsel for Cigna Health and Life Insurance Company and Related Cigna Entities

JEFFREY C. WISLER, De. Bar. No. 2795
jwisler@connollygallagher.com
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: 302-757-7300
Facsimile: 302-658-0380

Counsel for Cigna Health and Life Insurance Company
And Related Cigna Entities

## IN THE UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| In re: | Case No. 8:15-bk-10721-SC |
|---|---|
| American Spectrum Realty, Inc., | Chapter 11 |
| Alleged Debtor. | DECLARATION OF VELMA N. ODUM IN SUPPORT OF MOTION OF CIGNA HEALTH AND LIFE INSURANCE COMPANY AND RELATED CIGNA ENTITIES FOR RELIEF FROM THE AUTOMATIC STAY AS NECESSARY TO PERMIT TERMINATION OF CERTAIN GROUP HEALTHCARE CONTRACTS |

I, Velma N. Odum, declare as follows:

1.  I am a Plan Services Specialist of Cigna Health and Life Insurance Company and related Cigna entities (collectively "Cigna"). My duties for Cigna include supervising a team of analysts that invoice and collect insurance premiums and administrative services fees, including those associated with this account.

2.  I am making this Declaration in support of the *Motion of Cigna Health and Life Insurance Company and related entities for Relief from the Automatic Stay as Necessary to Permit Cancellation of Certain Group Healthcare Contracts*.

3. Pursuant to certain Group Healthcare Contracts (collectively, "Group Healthcare Contracts")[1] Cigna provided administrative and insurance services for the employee benefit of the debtor American Spectrum Realty, Inc. ("Debtor").

4. The Debtor did not pay the $23,820.98 due on April 1, 2015, as required by the terms of the Group Healthcare Contracts.

I declare that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at Bloomfield, Connecticut on April 10, 2015.

#05160946

---

[1] Administrative Services Only Agreement, Group Service Agreement (CA), Group Service Agreement (TX), Group Service Agreement (CA), Group Service Agreement (FL), Group Service Agreement (AZ), Group Service Agreement (TX), Group Insurance Policy (sitused in CA), Group Insurance Policy (sitused in NV) and Group Insurance Policy (sitused in TX)

2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEFFREY C. WISLER, De. Bar No. 2795<br>jwisler@connollygallagher.com<br>CONNOLLY GALLAGHER LLP<br>1000 West Street, Suite 1400<br>Wilmington, DE 19801<br>Telephone: 302-757-7300<br>Facsimile: 302-658-0380 | |
| ☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>American Spectrum Realty, Inc., | CASE NO.: 8:15-bk-10721-SC |
|---|---|
| | CHAPTER: 11 |
| | **[PROPOSED ] ORDER<br>GRANTING MOTION FOR<br>RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362** |
| | DATE: May 7, 2015<br>TIME: 1:30 p.m.<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street, 5th Floor<br>Santa Ana, CA 92701 |
| Debtor(s). | |

**Movant:**

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following personal property (Property):

    ☐ Vehicle (*year, manufacturer, type and model*):

    *Vehicle identification number:*
    *Location of vehicle (if known):*

    ☐ Equipment (*manufacturer, type, and characteristics*):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 1    F 4001-1.RFS.PP.ORDER

   *Serial number(s):*
   *Location (if known):*

   ☑ Other:

   The Motion seeks relief as necessary to permit the automatic termination of certain Group Healthcare Contracts (as defined in the Motion).

   ☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362 (d)(1)
   b. ☐ 11 U.S.C. § 362 (d)(2)

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before *(date)* _____.

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☐ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 2                              F 4001-1.RFS.PP.ORDER

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014      Page 3      F 4001-1.RFS.PP.ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): **Motion and Memorandum of Points and Authorities of Cigna Health and Life Insurance Company and Related Cigna Entities for Relief From the Automatic Stay as Necessary to Permit Termination of Certain Group Healthcare Contracts** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 10, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 10, 2015 | Jeffrey C. Wisler | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

## PARTIES SERVED BY FIRST CLASS U.S. MAIL

**Debtor**
American Spectrum Realty, Inc.
2401 Fountain View, Suite 750
Houston, TX 77057

**Attorney for Debtor**
Richard L. Fuqua, Esq.
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, TX 77056

Robert E. Opera, Esq.
Peter W. Lianides, Esq.
Winthrop Couchot Professional Corporation
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660

**Creditor**
James C. Bastian, Jr., Esq.
Ronald S. Hodges, Esq.
Melissa Davis Lowe, Esq.
Shulman Hodges & Bastian LLP
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618

Jeff Carruth, Esq.
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Road, Suite 201
Arlington, TX 76015

Kevin J. Moore, Esq.
Debby S. Doitch, Esq.
301 East Colorado Boulevard, Suite 600
Pasadena, CA 91101

Kimberly Walsh, Esq.
Office of the Texas Attorney General
P.O. Box 12548
Austin, TX 78711

Easterday Hunter Corporation
d/b/a Easterday Building Maintenance
c/o Robert H. Dewberry, Esq.
20271 S.W. Birch St., # 100
Newport Beach, CA 92660

**Attorney for Trustee**
Elizabeth A. Lossing, Esq.
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701

**Trustee**
Frank Cadigan, Esq.
United States Trustee
411 W. Fourth Street, Suite 9041
Santa Ana, CA 92701

## PARTIES SERVED BY FEDERAL EXPRESS

**Presiding Judge's Copy**
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA  92701-4593